**KOLLER LAW LLC**
David M. Koller, Esq. (Pa 90119)
Jordan D. Santo, Esq. (Pa 320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TAMMY SOLORIO,** | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **SELECT DENTAL MANAGEMENT, LLC d/b/a KESSLER DENTAL ASSOCIATES,** | : | |
| **Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Tammy Solorio (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Select Dental Management, LLC d/b/a Kessler Dental Associates (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**<u>THE PARTIES</u>**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
2. Plaintiff is an adult individual residing in Royersford, PA.
3. Upon information and belief, Defendant Select Dental Management, LLC d/b/a Kessler Dental Associates is a dental partnership organization and dental office with a location at

1150 Valley Forge Road, Suite 101, Phoenixville, PA 19460 and with a corporate headquarters located at 25a Vreeland Road, Suite 101, Florham Park, NJ 07932.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on October 25, 2024, alleging race discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2025-00948 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated July 16, 2026.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and more than one (1) year after filing her Charge but within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
20. Plaintiff is Caucasian.
21. On November 3, 2008, Kessler Dental Associates hired Plaintiff in the position of Office Manager.
22. Plaintiff was well qualified for her position and performed well.
23. In or around October 2022, Defendant acquired Kessler Dental Associates and Plaintiff became an employee of Defendant in the position of Practice Leader.
24. As a result of the acquisition, Riea Trowell (African American), Regional Leader, became Plaintiff's supervisor.

## TROWELL HARASSED PLAINTIFF DUE TO HER RACE

25. In or around April 2023, Trowell began to harass Plaintiff due to her race.
26. While at a restaurant across the street from Defendant.
27. Trowell accused the Caucasian Manager of the restaurant of being racist.
28. When Plaintiff denied Trowell's assertion, Trowell responded that she could just tell and that the Manager liked Solorio because of her race or words to that effect.
29. In or around May 2023, Trowell asked Plaintiff about the issuance of bonuses.

## TROWELL MADE AN ANTISEMITIC COMMENT TO PLAINTIFF

30. Plaintiff informed Trowell that Dr. Lon Kessler had not issued a bonus in the last several months.
31. Trowell responded by stating, "Oh he's Jewish, right?" or words to that effect.
32. Plaintiff was offended by Trowell's antisemitic comment.

**DEFENDANT DID NOT PROVIDE PLAINTIFF WITH BEREAVEMENT LEAVE AFTER DR. KESSLER PASSED AWAY**

33. On May 30, 2023, Dr. Kessler passed away and Defendant did not provide Plaintiff bereavement leave.

**TROWELL ISSUED PLAINTIFF A WRITE UP FOR TAKING PREVIOUSLY APPROVED BEREAVEMENT LEAVE AFTER HER FATHER-IN-LAW PASSED AWAY**

34. Just four (4) days later, Plaintiff's father-in-law passed away.
35. Trowell approved Plaintiff's request for bereavement leave.
36. However, when Plaintiff returned to work, Trowell issued Plaintiff a write up for a no call no show.
37. Plaintiff complained about receiving the write up.
38. Trowell claimed that she had forgotten that she had approved Plaintiff's bereavement leave.
39. However, Defendant did not rescind Plaintiff's write up.

**TROWELL CONTINUED TO DISCRIMINATE AGAINST PLAINTIFF DUE TO HER RACE**

40. Trowell continued to make racially discriminatory comments throughout Plaintiff's employment.
41. Trowell constantly nitpicked Plaintiff's work product and micromanaged her.
42. Trowell frequently called Plaintiff at 8 and 9 p.m. and scream at her for minor issues that Plaintiff had already addressed or that she did not do.

**PLAINTIFF COMPLAINED TO HUMAN RESOURCES REGARDING TROWELL'S DISCRIMINATORY AND HARASSING CONDUCT**

43. In or around November 2023, Plaintiff complained to Kristine Opferkuch, Human Resource Representative, about Trowell's discriminatory and harassing conduct.

44. Opferkuch had Christian Lee (African American), Human Resource Manager, speak to Plaintiff about her complaint.

45. Plaintiff gave a statement to Lee of Trowell's discriminatory and harassing conduct and sent him documentation as evidence.

46. Lee informed Plaintiff that Human Resources would conduct an investigation into her complaint.

**HUMAN RESOURCES DID NOT PROVIDE AN UPDATE OF ITS INVESTIGATION TO PLAINTIFF**

47. However, Human Resources did not provide Plaintiff with an update regarding its investigation.

48. Plaintiff followed up with Human Resources multiple times, but was told that it was still being looked into.

**TROWELL'S CONDUCT CONTINUED**

49. During this time, Trowell's discriminatory harassment of Plaintiff continued.

**PLAINTIFF WAS CONSTRUCTIVELY DISCHARGED**

50. On January 3, 2024, Plaintiff submitted her resignation letter via email to Opferkuch to be effective January 12, 2024 due to Trowell's discriminatory conduct and Human Resources' refusal to properly address her complaint.

51. Plaintiff was constructively discharged.

52. Defendant discriminated against Plaintiff due to her race and retaliated against her for reporting race discrimination in violation of Title VII, the PHRA, and Section 1981.

53. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – RACE DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

54. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

55. Plaintiff is a member of protected class in that she is Caucasian.

56. Plaintiff was qualified to perform the job for which she was hired.

57. Plaintiff suffered adverse job actions, including, but not limited to constructive discharge.

58. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

59. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

60. Defendant discriminated against Plaintiff on the basis of her protected class.

61. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

62. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

63. Defendant's conduct was willful or performed with reckless disregard to her federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II – DISCRIMINATION BASED ON RACE**
**PENNSYLVANIA HUMAN RELATIONS ACT**

64. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

65. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her protected class (Caucasian).

66. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT III – RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

67. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

68. Plaintiff engaged in activity protected by Title VII.

69. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

70. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT IV – RETALIATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

71. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

72. Plaintiff engaged in activity protected by the PHRA.

73. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

74. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Tammy Solorio, requests that the Court grant her the following relief against Defendant:

(a) Damages for past and future wage loss;

(b) Compensatory damages for economic and non-economic harm including, *inter alia*, mental anguish and/or emotional distress;

(c) Punitive damages;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences of a lump sum award in a single tax year;

(h) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(i) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: October 14, 2026

**By:** ***/s/David M. Koller***

David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*